UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARCIE BASILETTI,** | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION FILE<br>) |
| v. | )<br>) |
| | ) **DEMAND FOR JURY TRIAL** |
| **SELECT REHABILITATION LLC, DBA NURSING AND REHABILITATION CENTER,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

# COMPLAINT

1. This action for injunctive relief, compensatory and punitive damages, costs and attorneys' fees is brought pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as amended by the Pregnancy Discrimination Act of 1978, prohibiting discrimination against an employee on the basis of pregnancy, childbirth, or related medical conditions. Plaintiff seeks to redress discrimination by Defendant based on her pregnancy, the failure to accommodate, and retaliation in connection with her request for an accommodation due to COVID-19 medical complications associated with pregnancy.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a) (4), and 42 U.S.C. § 2000e *et seq.*, because this is an action arising under Title VII.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because this is a judicial district in which the Defendant resides and in which the events and omissions giving rise to the claims occurred. Venue is also proper in this Court because the acts and practices complained of by Plaintiff occurred in this district and division.

## PARTIES

4. Plaintiff Marcie Basiletti is a female former employee of Defendant Select Rehabilitation LLC who worked for Defendant in Woodstock, Cherokee County, Georgia. At all times material to the claims asserted herein, Plaintiff was pregnant.

5. Defendant Select Rehabilitation, LLC ("Select" or "Defendant) is a corporation authorized to transact business in Georgia, with its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, Gwinnett County, GA. Defendant is an employer as that term is defined in Title VII, 42 U.S.C. § 2000e(b).

## CONDITIONS PRECEDENT

6. Plaintiff has fulfilled all conditions precedent to institution of this action. She filed timely a charge with the Equal Employment Opportunity Commission and is filing this Complaint within ninety (90) days after receiving a Notice of Right to Sue.

## STATEMENT OF FACTS

### Plaintiff's Work for Select Rehabilitation

7. Defendant contracts with nursing homes to provide speech therapy, occupational therapy, and physical therapy services for nursing home facilities including in Woodstock and Roswell in the Atlanta region.

8. Plaintiff is a speech language pathologist. Defendant hired Plaintiff to provide speech therapy at the Woodstock Nursing and Rehabilitation Center in Woodstock, Georgia. Plaintiff commenced work on September 11, 2017.

9. Plaintiff's position required that she work in close proximity to patients with swallowing disorders, communication impairments, and cognitive-linguistic deficits, evaluating and providing speech therapy to the patients.

10. During a customary work shift, Plaintiff engaged in speech therapy activities with some thirteen (13) residents. If Plaintiff were the only therapist

assigned to a work shift, the number of patient consultations could range to as many as thirty (30) in one shift.

11. Throughout her employment, Plaintiff was a committed employee who willingly worked any assignments requested. Although Plaintiff received no written performance appraisal, on many occasions she was advised that her job performance was outstanding and praised for her contribution to the success of Defendant in serving the patients at the facilities of its customers.

### COVID-19 and Plaintiff's Notification to Defendant of Her Pregnancy and Need for Accommodation

12. In 2020, when the most intense impact of COVID-19 was experienced at facilities serviced by Defendant, the Roswell operation suffered some eighty (80) infections and six (6) deaths, while the Woodstock facility was minimally impacted with only two (2) infections and no deaths due to COVID-19.

13. Because of the increased likelihood of Defendant's employees transmitting COVID-19 to residents during the period of increased infection, on or about April 2020 Defendant prohibited employees from working at more than a single facility.

14. Contrary to its April 2020 policy and guidance from the Centers for Disease Control and other health agencies, on or about August 5, 2020, Defendant

announced that the speech therapists at Woodstock would be required to go to the Roswell nursing facility each day. This would require each employee to spend four hours per day at Roswell and four hours per day at Woodstock.

15. On that same day, August 5, 2020, Plaintiff notified her supervisor, Shemily Mathews, that she was pregnant. Ms. Mathews told Plaintiff that she should telephone Defendant's Regional Manager, Gwyn Watson, to advise Ms. Watson of her pregnancy.

16. Later that day, as instructed, Plaintiff telephoned Ms. Watson and advised Ms. Watson that she was pregnant. During the conversation, Plaintiff stated to Ms. Watson that the COVID-19 pandemic created medical complications associated with pregnancy.

17. Plaintiff visited her physician on August 6, 2020. The physician issued a note stating: "Marcie M. Basiletti is under my professional care and should not be in contact with COVID-19 due to her medical condition. I am recommending that she not travel to other facilities to help reduce her exposure to COVID-19. She should stay at her current office for work and not travel."

18. Plaintiff provided the doctor's note to her supervisor, Shemily Mathews, upon her return to the nursing facility on August 6, 2020. Regional

5

Manager Gwyn Watson then was provided with the doctor's note recommending that, because of Plaintiff's pregnancy, Plaintiff should not travel to other facilities and should work only at her current, Woodstock, location to limit Plaintiff's exposure to COVID-19.

19. On August 7, 2020, Plaintiff received a call from Regional Manager Gwyn Watson inquiring whether she would travel to the Roswell facility, in addition to her duties at Woodstock. Plaintiff asked Ms. Watson if she would be discharged if she did not go to Roswell. When Ms. Watson responded that she did not know what would happen, Plaintiff stated that she would make the trips to the Roswell facility in order to preserve her job with Defendant.

Defendant's Failure to Accommodate, Retaliation Against Plaintiff and
the Termination of Plaintiff's Employment for Pretextual Reasons

20. On August 12, 2020, Plaintiff informed her supervisor, Shemily Mathews, that she would be absent from work due to sickness related to her pregnancy.

21. On August 13, 2020, Plaintiff spoke to Regional Manager Gwyn Watson in follow up to their previous conversations, including: (a) the conversation on August 5, 2020 in which Plaintiff advised Ms. Watson of her pregnancy and that the COVID-19 pandemic created medical complications associated with pregnancy;

and (b) other conversations about whether Plaintiff would travel to the Roswell facility contrary to her doctor's advice that she only work at her current location to limit her exposure to COVID-19 based on the pregnancy related risks.

22.     During the August 13, 2020, conversation, Ms. Watson told Plaintiff that Defendant does not accommodate pregnant employees and refused to discuss any accommodation due to the COVID-19 related medical complications associated with Plaintiff's pregnancy.  Defendant, however, recently had accommodated Plaintiff's non-pregnant co-worker, adjusting the locations at which the co-worker worked to increase her hours and earnings, and had provided other non-pregnant employees with requested accommodations.

23.      During the August 13, 2020, conversation, Ms. Watson also advised that unless Plaintiff agreed to travel for work at the Roswell nursing facility during August 2020, Plaintiff's pending request for PTO would be denied.

24.     On August 14, 2020, Plaintiff emailed Ms. Watson as follows:

> Per our conversation yesterday, I am unable to go to Roswell in August. If you are saying that I have to go in order to approve my PTO for the first week in September, then I guess I am not able to take time off. I am however still requesting PTO approval for August 24th and August 31st.

25. Later on August 14, 2020, Plaintiff received an email from Regional Director Gwyn Watson directing Plaintiff to telephone the Human Resources Department regarding her employment status.

26. Plaintiff called Human Resources as instructed and explained that she was unable to travel between multiple facilities because of the increased likelihood of exposure to COVID-19. Plaintiff also told the Human Resources representative that she believed Defendant was retaliating against her because of her request for an accommodation due to the COVID-19 related medical complications associated with her pregnancy.

27. Plaintiff telephoned Defendant's Human Resources Department later that day to inquire regarding her employment status. Plaintiff was advised that she had been suspended by the Regional Manager, Gwyn Watson. Plaintiff again explained to the human resources representative that she believed Defendant was retaliating against her because of the request for an accommodation due to the medical complications of her pregnancy created by potential COVID-19 infection.

28. On a subsequent telephone call on August 14, 2020, Regional Manager Gwyn Watson informed Plaintiff that she was being discharged because she was not

"being a team player" and for inappropriate conduct in removing property from her manager's office.

29.   Plaintiff had not removed inappropriately a document but instead had reviewed, copied, and prepared to discard the copy of a PTO related document as employees often did and she did so in full view of her supervisor Ms. Matthews.

30.   Another participant to the telephone call identified as a Compliance Official told Plaintiff that her benefits would cease at midnight that day. When Plaintiff told the compliance official that she was pregnant and merely had asked for an accommodation, the individual refused to discuss the issue and responded that the discharge decision was final.

31.   Defendant did not issue any written notice spelling out the reason for the discharge of Plaintiff.

32.   Plaintiff was discharged for reasons that were false, contrived and a pretext to discharge her based on her pregnancy and in retaliation for requesting an accommodation due to the medical complications of her pregnancy created by potential COVID-19 infection and because she had done nothing for which other employees were discharged.

33. In refusing to accommodate Plaintiff's COVID-19 related request to work only at the one location she always had worked, Defendant treated Plaintiff differently than other non-pregnant employees who Defendant permitted to work at a requested nursing home, and provided other accommodations, as a convenience to the employee.

34. In refusing to accommodate Plaintiff's COVID-19 related request to work only at the one location she always had worked, Defendant treated Plaintiff differently than employees with disabilities which, like pregnancy, put them at higher risk for COVID-19 and were granted accommodations.

## Additional Facts

35. As a result of Defendant's discrimination against Plaintiff based on her pregnancy, the failure to accommodate Plaintiff, and retaliation against Plaintiff for seeking an accommodation, Plaintiff suffered severe emotional distress, including, but not limited to, agitation, sleeplessness, frustration, anger, irritation, depression, despondency, nervousness, pain, humiliation, degradation, feelings of helplessness, lack of confidence, and difficulties in other personal relationships.

36. Defendant acted willfully and with malice, wantonness, oppression and/or reckless indifference to Plaintiff's federally protected rights and the consequences of its actions and failures to act.

## CAUSES OF ACTION

### COUNT I (Discrimination Based on Pregnancy/Failure to Accommodate in Violation of Title VII)

37. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 36 of this Complaint.

38. Defendant, in violation of Title VII as amended by the Pregnancy Discrimination Act, discriminated against Plaintiff based on pregnancy by:

(a) denying Plaintiff's COVID-19 related request for accommodation - to work only at the one location she always had worked to reduce her exposure to COVID-19 – while accommodating others similar in their ability or inability to work, such as employees with disabilities which, like pregnancy, put them at higher risk for COVID-19;

(b) refusing to accommodate Plaintiff's COVID-19 related request to work only at the one location she always had worked to reduce her exposure to COVID-

19 while permitting non-pregnant employees to work at a requested nursing home and providing them with other accommodations as a convenience,; and

(c) terminating Plaintiff's employment for reasons that were false, contrived, and a pretext to discharge her based on her pregnancy.

39. Defendant is liable to Plaintiff for pregnancy discrimination in violation of Title VII.

## COUNT II (Retaliation)

40. Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 39 of this Complaint.

41. Plaintiff sought reasonable accommodation pursuant to her physician's advice and note that, because of her pregnancy, she should work only at the one location she always had worked to reduce her exposure to COVID-19.

42. Defendant unlawfully retaliated against Plaintiff by discharging her for pretextual reasons after she requested a reasonable accommodation for her pregnancy and for opposing Defendant's refusal to reasonably accommodate her.

43. Defendant is liable to Plaintiff for retaliation in violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

(a) Declare that the acts and practices complained of herein are unlawful;

(b) Direct Defendant to make Plaintiff whole for all earnings, including fringe benefits, that Plaintiff would have received but for Defendant's unlawful discrimination and retaliation;

(c) Award to Plaintiff the maximum compensatory and punitive damages allowable under Title VII;

(e) Award to Plaintiff and against Defendant her costs and attorneys' fees incurred in the prosecution of this action;

(f) Award to Plaintiff and against Defendant pre-judgment and post-judgment interest; and

(g) Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

s/ A. McArthur Irvin
Georgia Bar No. 384300
Email: mirvin@ibhslaw.com
Tel.  404.237.5075

s/ Sandra Kaye Bowen
Georgia Bar No. 409315
Email: sbowen@ibhslaw.com
Tel.  404.237.1033

IRVIN BOWEN LLC
1100 Peachtree Road
Suite 900
Atlanta, GA 30309
Fax 404.237.1047

Counsel for Plaintiff